**2016-1639**

# United States Court of Appeals for the Federal Circuit

PHYLLIS A. HUSTER,

*Plaintiff – Appellant,*

v.

J2 CLOUD SERVICES, INC., ADVANCED MESSAGING TECHNOLOGIES, INC., UNIFIED MESSAGING SOLUTIONS, LLC, ACACIA PATENT ACQUISITION, LLC, CHARLES R. BOBO, II,

*Defendants – Appellees.*

Appeal from the United States District Court for the Northern District of Georgia in No. 1:14-cv-03304-ELR, Judge Eleanor L. Ross.

**JOINT BRIEF OF NON-INVENTOR APPELLEES J2 CLOUD SERVICES, INC., ADVANCED MESSAGING TECHNOLOGIES, INC., UNIFIED MESSAGING SOLUTIONS LLC, AND ACACIA RESEARCH GROUP LLC**

ROBERT A. SACKS
BRIAN R. ENGLAND
SULLIVAN & CROMWELL LLP
1888 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 712-6600
sacksr@sullcrom.com
englandb@sullcrom.com

DAN R. GRESHAM
THOMAS|HORSTEMEYER LLC
400 Interstate North Parkway
Suite 1500
Atlanta, GA 30339
(770) 933-9500
dan.gresham
@thomashorstemeyer.com

*Counsel for Appellees
j2 Could Services and
Advanced Messaging
Technologies*

MARC J. SCHNEIDER
SARAH S. BROOKS
STRADLING YOCCA
   CARLSON & RAUTH, P.C.
660 Newport Center Drive
Suite 1600
Newport Beach, CA 92660
(949) 725-4000
mschneider@sycr.com
sbrooks@sycr.com

*Counsel for Appellee
Acacia Patent
Acquisition, LLC*

EDWARD R. NELSON, III
THOMAS CECIL
NELSON BUMGARDNER PC
3131 West 7th Street
Suite 300
Fort Worth, TX 76107
(817) 337-9111
ed@nelbum.com
tom@nelbum.com

TIMOTHY E. GROCHOCINSKI
NELSON BUMGARDNER, P.C.
15020 South Ravinia Ave.
Suite 29
Orlando Park, IL 60462
(708) 675-1974
tim@nelbum.com

*Counsel for Appellee
Unified Messaging
Solutions, LLC*

September 15, 2016

# CERTIFICATE OF INTEREST
# FOR J2 CLOUD SERVICES, INC.

Counsel for Appellee j2 Cloud Services, Inc., certifies the following:

1. The full name of every party or amicus represented by me is:

j2 Cloud Services, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

j2 Cloud Services, LLC[1]

3. The parent companies, subsidiaries (except wholly-owned subsidiaries) and affiliates that have issued shares to the public of the party or amicus represented by me are:

None

4. The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

Edward Johnson, Schopf & Weiss; Paula Litt, William Berndt, Honigman Miller Schwartz and Cohn LLP

Dated: September 15, 2016                    Respectfully Submitted,

                                             /s/ Robert Sacks
                                             Robert Sacks

---

[1] j2 Cloud Services, LLC is the same entity as j2 Cloud Services, Inc., but the entity changed its corporate form.

i

## CERTIFICATE OF INTEREST
## FOR ADVANCED MESSAGING TECHNOLOGIES, INC.

Counsel for Appellee Advanced Messaging Technologies, Inc., certifies the following:

1. The full name of every party or amicus represented by me is:

Advanced Messaging Technologies, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None

3. The parent companies, subsidiaries (except wholly-owned subsidiaries) and affiliates that have issued shares to the public of the party or amicus represented by me are:

j2 Cloud Services, Inc.; j2 Global, Inc.

4. The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

Edward Johnson, Schopf & Weiss; Paula Litt, William Berndt, Honigman Miller Schwartz and Cohn LLP

Dated: September 15, 2016                    Respectfully Submitted,

                                             /s/ Robert Sacks
                                             Robert Sacks

## CERTIFICATE OF INTEREST
## FOR UNIFIED MESSAGING SOLUTIONS LLC

Counsel for Appellee Unified Messaging Solutions LLC, certifies the

following:

1. The full name of every party or amicus represented by me is:

Unified Messaging Solutions LLC

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None

3. The parent companies, subsidiaries (except wholly-owned subsidiaries) and affiliates that have issued shares to the public of the party or amicus represented by me are:

Unified Messaging Solutions LLC is a Texas limited liability company whose sole member is Acacia Research Group LLC, which is wholly owned by Acacia Research Corporation.  Acacia Research Corporation is a publically-held corporation.

4. The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

None

Dated: September 15, 2016          Respectfully Submitted,

                                    /s/ Edward R. Nelson III
                                    Edward R. Nelson III

## CERTIFICATE OF INTEREST
## FOR ACACIA PATENT ACQUISITION, LLC

Counsel for Appellee Acacia Patent Acquisition, LLC, certifies the following:

1. The full name of every party or amicus represented by me is:

Acacia Patent Acquisition LLC; Acacia Research Group LLC

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Acacia Research Group LLC[2]

3. The parent companies, subsidiaries (except wholly-owned subsidiaries) and affiliates that have issued shares to the public of the party or amicus represented by me are:

Acacia Research Corporation

4. The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

None

Dated: September 15, 2016                Respectfully Submitted,

                                         /s/ Marc J. Schneider
                                         Marc J. Schneider

---

[2] Acacia Patent Acquisition LLC is now Acacia Research Group LLC.

# TABLE OF CONTENTS

*Page*

CERTIFICATE OF INTEREST
FOR J2 CLOUD SERVICES, INC. ................................................................ i

CERTIFICATE OF INTEREST
FOR ADVANCED MESSAGING TECHNOLOGIES, INC. ..................... ii

CERTIFICATE OF INTEREST
FOR UNIFIED MESSAGING SOLUTIONS LLC .................................... iii

CERTIFICATE OF INTEREST
ACACIA PATENT ACQUISITION, LLC ..................................................iv

TABLE OF AUTHORITIES ................................................................. vii

I.    STATEMENT OF RELATED CASES ....................................... ix

II.    STATEMENT OF THE ISSUES ................................................ 1

III.    STATEMENT OF THE CASE ................................................... 2

A. Specific Objections to Ms. Huster's Statement of the Case.................... 2

1. Objection to Ms. Huster's statement regarding her Complaint. ......... 2

2. Objection to Ms. Huster's statement regarding her Motion to
Disqualify Attorneys. ........................................................ 3

3. Objection to Ms. Huster's statement regarding the District
Court's Opinion on the Motions to Dismiss. .................................... 4

B. Non-Inventor Defendants' Statement of the Case.................................. 5

IV.    STATEMENT OF THE RELEVANT FACTS ........................... 9

V.    SUMMARY OF THE ARGUMENT ....................................... 11

VI.   ARGUMENT.........................................................................................12

   A. Governing Law. .................................................................................12

      1.  Standard of Review. .......................................................................12

   B.  The District Court Correctly Held That Ms. Huster Lacks
       Standing to Assert a Claim for Correction of Inventorship (Count
       I of the Corrected Amended Complaint). ..............................................14

      1.  The District Court Correctly Held That Ms. Huster Has No
          Economic Interest in the Patents-in-suit. ..........................................14

      2.  Ms. Huster's Attempt to Avoid Her Assignment is
          Procedurally Improper and Also Fails on the Merits. .......................15

      3.  Ms. Huster Failed to Plead or Otherwise Present Any Evidence
          of a Concrete and Particularized Reputational Injury As a
          Result of Not Being Named an Inventor. ..........................................18

         a.  Ms. Huster failed to plead any allegation of a reputational
             injury. .........................................................................................18

         b.  Nothing in the record constitutes an allegation of
             reputational injury. ....................................................................21

VII.  CONCLUSION.......................................................................................25

CERTIFICATE OF SERVICE ...........................................................................27

CERTIFICATE OF COMPLIANCE....................................................................28

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Allen* v. *Wright*,
468 U.S. 737, 104 S. Ct. 3315 (1984)....................................................19

*Carmichael* v. *Kellogg, Brown &Root Servs., Inc.*,
572 F.3d 1271 (11th Cir. 2009) ..........................................................13

*Chou* v. *Univ. of Chicago,*
254 F.3d 1347 (Fed. Cir. 2001)....................................... 18, 19, 20, 22

*Cockrell* v. *Sparks*,
510 F.3d 1307 (11th Cir. 2007) ..................................................... 14, 18

*Covenant Media of Georgia, LLC* v. *City of Lawrenceville, Ga.*,
580 F. Supp. 2d 1313 (N.D. Ga. 2008)................................................13

*Cultor Corp.* v. *A.E. Staley Mfg. Co.*,
224 F.3d 1328 (Fed. Cir. 2000).............................................................12

*Foman* v. *Davis*,
371 U.S. 178, 83 S.Ct. 227 (1962)......................................................17

*Hall* v. *Un. Ins. Co. of Am.*,
367 F.3d 1255 (11th Cir. 2004) ..................................................... 14, 17

*Innova/Pure Water, Inc.* v. *Safari Water Filtration Sys.*,
381 F.3d 1111 (Fed. Cir. 2004).............................................................12

*Kamdem-Ouaffo* v. *PepsiCo Inc.*,
2016 U.S. App. LEXIS 14370 (Fed. Cir. 2016) ..................................... 19, 22, 23

*Larson* v. *Correct Craft, Inc.*,
569 F.3d 1319 (Fed. Cir. 2009)....................................... 11, 19, 21, 22

*McElmurray* v. *Consolidated Gov't of August-Richmond Ctny.*,
501 F.3d 1244 (11th Cir. 2007) ..................................................... 12, 13

*McNutt* v. *Gen. Motors Acceptance Corp.*,
   298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)..............................................13

*Mizzaro* v. *Home Depot, Inc.*,
   544 F.3d 1230 (11th Cir. 2008) ................................................... 14, 18

*Pedersen* v. *Geschwind*,
   141 F. Supp. 3d 405 (D. Md. 2015).....................................................23

*Sage Prods.* v. *Devon Indus.*,
   126 F.3d 1420 (Fed. Cir. 1997)..........................................................16

*Shukh* v. *Seagate Technology, LLC*,
   803 F.3d 659 (Fed. Cir. 2015)................................................... 19, 20, 21, 22, 23

*Wagner* v. *Daewoo Heavy Indus.*,
   314 F.3d 541 (11th Cir. 2002) (en banc) ...................................... 14, 17

## Statutes

35 U.S.C. § 256........................................... 3, 8, 10, 11, 14, 18, 20, 22, 25

U.S. Constitution, Article III.................................... 10, 11, 18, 19, 21, 23

## Rules

Fed. Cir. R. 28(a)(7) & (b)........................................................................9

Fed. R. Civ. P 15(a)(2)............................................................................14

# I.     STATEMENT OF RELATED CASES

There are no cases known to counsel for the Non-Inventor Defendants pending in this or any other court that will directly affect or be directly affected by this Court's decision in the pending appeal.

## II.    STATEMENT OF THE ISSUES

The Non-Inventor Defendants note their specific areas of disagreement with Ms. Huster's Statement of the Issues as follows:

1.    The first issue listed by Ms. Huster involves an appeal from the District Court's Order of January 28, 2016 (Appx2-16).  That Order involved only claims asserted against Defendant Charles R. Bobo, all claims against the Non-Inventor Defendants having been previously dismissed by the District Court's Order of November 12, 2015 (Appx17-41).  *See* Appx2 ("On November 12, 2015, this Court resolved several pending motions to dismiss, leaving only claims against Defendant Charles R. Bobo.").

## III.  STATEMENT OF THE CASE

**A.    Specific Objections to Ms. Huster's Statement of the Case.**

The Non-Inventor Defendants object to Ms. Huster's statement of the case as unduly argumentative.  The Non-Inventor Defendants also object to Ms. Huster's recitation of numerous facts as "undisputed."  Due to the procedural posture of the motions to dismiss being appealed, the Non-Inventor Defendants were generally required to accept the allegations of the Corrected Amended Complaint as true.  This was specifically noted in the Non-Inventor Defendants' Motion to Dismiss.  *See* Appx752 at n. 3 ("Defendants refer to Huster's allegations pursuant to the standard on a Rule 12 motion. This in no way constitutes an admission that the allegations are accurate. In fact, Huster has produced documents and been deposed in a different lawsuit, and the documents and testimony she provided conclusively demonstrate the lack of merit to her claims.").

### 1.    Objection to Ms. Huster's statement regarding her Complaint.

The Non-Inventor Defendants object to Ms. Huster's characterization of her Corrected Amended Complaint as unnecessarily argumentative.  The Non-Inventor Defendants also object to the characterization of the complaint as alleging that "Mr. Bobo and his attorneys conspired to keep Ms. Huster from realizing she had

2

rights in the patents-in-suit." Appellee's Opening Brief at 7. In fact, there is no allegation of conspiracy involving Mr. Bobo and his attorneys in the Corrected Amended Complaint. Appx637-638, ¶¶ 44-46.

Ms. Huster alleges that seven Counts of the Corrected Amended Complaint are relevant to this appeal–Counts I, II, III, IV, V, VI and VIII. Appellant's Opening Brief at 7. The Non-Inventor Defendants point out, however, that the only one of these counts asserted against the Non-Inventor Defendants is Count I, for correction of inventorship under 35 U.S.C. § 256. As Ms. Huster notes, the only other Count previously asserted against the Non-Inventor Defendants was Count IV for Unjust Enrichment. Appellant's Opening Brief at 7. Ms. Huster acknowledges, however, that Count IV was also dismissed by the District Court as to the Non-Inventor Defendants. *Id.*, n. 1. The dismissal of Count IV as to the Non-Inventor Defendants was not appealed.

**2.      Objection to Ms. Huster's statement regarding her Motion to Disqualify Attorneys.**

Since Ms. Huster did not appeal the denial of her motion to disqualify counsel, the Non-Inventor Defendants will not respond to this section of her Opening Brief, except to note that it sets forth a distorted and incomplete summary of the District Court's denial of Ms. Huster's motion to disqualify counsel.

### 3.    Objection to Ms. Huster's statement regarding the District Court's Opinion on the Motions to Dismiss.

The Non-Inventor Defendants agree that the District Court dismissed Ms. Huster's claim for correction of inventorship for lack of standing, but object to her argumentative characterization of that ruling as improper.

The Non-Inventor Defendants object to the characterization that the District Court found that Counts II, III, V, VI and VII were "not properly pleaded against the Non-Inventor Defendants." Appellant's Opening Brief at 8. Instead, the District Court reviewed the allegations in the Correct Amended Complaint and concluded that Counts II, II, V, VI and VIII "apply only to Defendant Bobo and reference no other Defendants" and accordingly, dismissed those counts "as to all Defendants *except* Defendant Bobo." Appx29 (emphasis by the District Court).

The Non-Inventor Defendants also note the omission in Ms. Huster's summary of the District Court's dismissal of Count IV as to the Non-Inventor Defendants for failure to state a claim. Appx35. That ruling was not appealed.

The Non-Inventor Defendants clarify Ms. Huster's statement regarding Defendant Bobo's statute of limitation defense to make clear that *after* they were terminated as parties to the action, the District Court converted pertinent portions of the motions to dismiss to motions for summary judgment on Defendant Bobo's statute of limitations defense (Appx39-41), and subsequently granted summary

4

judgment in favor of Defendant Bobo on all remaining claims based on that defense (Appx2-17). The Non-Inventor Defendants object to the legal argument against that ruling set forth in this section.

**B.      Non-Inventor Defendants' Statement of the Case.**

In view of their objections to Ms. Huster's Statement of the Case, the Non-Inventor Defendants offer the following Statement of the Case to clarify the record:

In her Corrected Amended Complaint (Appx625-646), Ms. Huster alleges that she is an inventor or coinventor of nine United States patents (collectively the "Patents-in-Suit" or "Patents").[3] Appx627, ¶ 10. The Patents-in-Suit are part of a single family; Defendant Bobo is named as the sole inventor of each. Appx627, ¶ 9. Broadly speaking, the Patents relate to messaging technologies, including technology that allows users to access received faxes and/or messages using a Web browser, which Ms. Huster describes as "fax-to-Internet." Appx630-631, ¶ 18. Ms. Huster alleges that she conceived of all or part of the inventions covered in the

---

[3] Since Ms. Huster's Statement of the Case presents unsupported argument in the guise of a factual recitation, the Non-Inventor Defendants have summarized Ms. Huster's allegations to clarify the record. This in no way constitutes an admission that the allegations are accurate. In fact, as discussed *infra*, in addition to the allegations in the Corrected Amended Complaint, the District Court properly relied on undisputed and uncontroverted facts of record that contradict many of Ms. Huster's allegations and conclusively demonstrate the lack of merit to her claims.

5

Patents-in-Suit in 1994. Appx628-631, ¶¶ 14-18. Ms. Huster alleges that in 1994, she first developed the idea of transmitting and storing faxes digitally, and she allegedly built a prototype that permitted a user to receive, store and distribute voicemail and faxes using an Internet browser that same year. Appx628-629, ¶ 14.

In 1994, Bobo allegedly hired Ms. Huster as a consultant for NetOffice, Inc. and Huster received stock in NetOffice, Inc. Appx629, ¶ 15. In connection with her work for NetOffice, Huster claims that Bobo adopted her concept of using TIFF viewers in browser windows to receive and view faxes and that he wrote code "at [her] direction." Appx630, ¶¶ 16, 17.

Ms. Huster alleges that, around the beginning of 1995, she and Bobo discussed patenting the fax-to-Internet system she claims to have invented. Appx630-631, ¶ 18. Ms. Huster allegedly created sketches of the system in preparation for patenting the idea. *Id*. She then sought and received a recommendation for a law firm and provided her prototype sketches to the law firm. *Id*. At a January 4, 1995 meeting at the firm's offices, Ms. Huster claims that she and Bobo agreed that they would be named as co-inventors of the fax-to-Internet system. *Id*. Notably, Ms. Huster admits that she could not afford to pay for the attorney and that Mr. Bobo borrowed the money

from his mother to pay for the legal bills related to obtaining the Patents. Appx903-904.

Sometime after discussing the patent application with Bobo and the attorney, Ms. Huster moved to New Jersey, and later to Seattle. Appx631, ¶ 20. During this time, Ms. Huster alleges, Bobo and the attorney stopped communicating with her, and she claims "her emails and phone calls to them went unanswered." Appx631-632, ¶ 21. Notably, there is no allegation that Ms. Huster ever performed any investigation or consulted with any other attorney to learn whether the fax-to-Internet system was ever patented, nor any allegation that she ever attempted to search for any patents naming Bobo as the inventor in any of a number of publicly-accessible and cost-free patent databases (*e.g.*, www.uspto.gov).

In addition to Bobo, Ms. Huster's Complaint named as defendants all of the entities referred to as the Non-Inventor Defendants. j2 acquired the Patents-in-suit from a company owned by Bobo in 2004 and subsequently assigned them to its subsidiary, AMT. Appx626-627; Appx633. UMS is the exclusive licensee of certain of the Patents-in-suit with respect to certain entities.

Acacia is the parent of UMS. There is no allegation that either j2 or Acacia is currently the owner or licensee of the patents.[4]

Despite her undisputed knowledge that Bobo was preparing a patent application in 1995 and her active participation in trying to obtain and even expedite the patent application on behalf of NetOffice, Ms. Huster now alleges she first learned about the Patents-in-suit and her omission as an inventor in March 2010. Appx634, ¶ 29. She commenced this lawsuit more than three years later seeking a correction of inventorship under 35 U.S.C. § 256.

---

[4] Both j2 (Appx734-736) and Acacia (Appx789-792) filed motions to dismiss the correction of inventorship claim on this alternative ground. The District Court denied those motions as moot in view of its dismissal of the correction of inventorship claim for lack of standing (Appx41).

## IV.   STATEMENT OF THE RELEVANT FACTS

The Non-Inventor Defendants disagree with Ms. Huster's Statement of the Relevant Facts for the following specific reasons:[5]

Ms. Huster's Statement of the Relevant Facts omits the following undisputed and uncontested facts relevant to the District Court's decision that she lacked standing to pursue her claim for correction of inventorship:  (1) Ms. Huster assigned all her rights claimed in the Patents-in-Suit to Phyllis Anke Technologies, LLC in August 2012; (2) Phyllis Anke Technologies, LLC used the d/b/a PA Technologies LLC; (3) pursuant to a Washington Superior Court Charging Order issued in 2014, all interest in PA Technologies LLC was transferred to Appellant's former attorney, John Crossan, as the result of a judgment for unpaid attorneys' fees;[6] and (4) Ms. Huster's Corrected Amended Complaint alleged only financial injury due to lost licensing revenues and failed to

---

[5] The Non-Inventor Defendants also disagree with Ms. Huster's mischaracterization of the facts relevant to the statute of limitations issue, as well as her motion to disqualify counsel (the denial of which was not appealed). However, the Non-Inventor Defendants have confined their specific statements of disagreement solely to the facts relevant to dismissal of the claim for correction of inventorship, the only issue on appeal that relates to the Non-Inventor Defendants. Fed. Cir. R. 28(a)(7) & (b).

[6] Although not part of the record below, the Charging Order was subsequently assigned from Mr. Crossan to Non-Inventor Defendant AMT on June 5, 2015.  To date, the judgment remains unsatisfied.

assert any allegation of reputational injury resulting from not being named an inventor on the Patents-in-Suit. Taken together, these undisputed facts conclusively demonstrate that Ms. Huster lacks Article III standing to pursue her alleged § 256 claim and the District Court's judgement should be affirmed in all respects.

## V.     SUMMARY OF THE ARGUMENT

The District Court properly held that Ms. Huster lacks Article III standing to assert a claim for correction of inventorship under 35 U.S.C. § 256, because the undisputed evidence shows that she transferred her alleged interest in the Patents-in-suit, thereby giving up any financial interest she may have had in the Patents, and because she failed to plead any reputational interest in the Patents that might otherwise give rise to standing. *Larson* v. *Correct Craft, Inc.*, 569 F.3d 1319, 1326-28 (Fed. Cir. 2009).   Further, the District Court properly dismissed Ms. Huster's claim for correction of inventorship because (i) Ms. Huster never requested leave to amend; (ii) Ms. Huster had already amended her pleadings multiple times; and (iii) any purported amendment would have been futile given the undisputed facts and evidence before the District Court.

# VI.    ARGUMENT

## A.    Governing Law.

### 1.    Standard of Review.

Appellees agree that the District Court's dismissals are reviewed *de novo*. Appellees note, however, that in addition to the standards articulated in Appellant's Opening Brief, the law applicable to specific issues addressed in this appeal also includes certain issues not unique to patent law, for which this Court applies the law of the regional circuit, here the Eleventh Circuit. *See, e.g., Innova/Pure Water, Inc.* v. *Safari Water Filtration Sys.*, 381 F.3d 1111, 1124 (Fed. Cir. 2004); *Cultor Corp.* v. *A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1332 (Fed. Cir. 2000).

Specifically, a party may mount a "facial attack" on subject matter jurisdiction by demonstrating that the complaint does not sufficiently allege a basis for subject matter jurisdiction. *McElmurray* v. *Consolidated Gov't of August-Richmond Ctny.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Alternatively, a party may mount a "factual attack," which challenges the existence of jurisdiction in fact, irrespective of the pleadings. *Id.* In addressing a factual attack, the district court may consider matters outside the pleadings, such as testimony and affidavits. *Id.* Thus, "[t]he district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the

12

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (internal citations omitted).

The party invoking the court's subject matter jurisdiction "must allege facts sufficient to show jurisdiction and, when the Court's jurisdiction is appropriately challenged, support those facts by competent evidence." *Covenant Media of Georgia, LLC* v. *City of Lawrenceville, Ga.*, 580 F. Supp. 2d 1313, 1315 (N.D. Ga. 2008) (citing *McNutt* v. *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). Thus, in addressing a factual attack on jurisdiction, a district court is free to evaluate the evidence of record and is not required to view the facts in the light most favorable to the plaintiff. *Carmichael* v. *Kellogg, Brown &Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

In addition, the law of the Eleventh Circuit with respect to amending a complaint directly undercuts Ms. Huster's argument that the District Court erred by not granting her leave to amend to attempt to cure her lack of standing, despite the undisputed fact that she never requested or moved the District Court for leave to do so.  Under clearly-established precedent in the Eleventh Circuit, "[a] district court is not required to grant a plaintiff leave to amend h[er] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend

13

nor requested leave to amend before the district court." *Wagner* v. *Daewoo Heavy Indus.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

Further, under well-settled authority, district courts can deny leave to amend where the proposed amendment would be futile.

> Under *Fed. R. Civ. P 15(a)(2)*, the court "should freely give leave when justice so requires." Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if the proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.

*Mizzaro* v. *Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008). The Eleventh Circuit has also held "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell* v. *Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007); *Hall* v. *Un. Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (same).

**B.    The District Court Correctly Held That Ms. Huster Lacks Standing to Assert a Claim for Correction of Inventorship (Count I of the Corrected Amended Complaint).**

**1.    The District Court Correctly Held That Ms. Huster Has No Economic Interest in the Patents-in-suit.**

In addressing whether Ms. Huster had standing to assert a claim for correction of inventorship under 35 U.S.C. § 256, the District Court first addressed

14

whether she had an economic interest in the Patents-in-Suit. In correctly ruling that she did not, the District Court relied on the following: (1) the assignment of all rights Appellant claimed in the Patents-in-Suit to Phyllis Anke Technologies, LLC in August 2012, (2) the uncontested fact that "PA Technologies LLC is 'a d/b/a of Phyllis Anke Technologies, LLC,'" and (3) a state court Charging Order assigning all interest in PA Technologies LLC to Appellant's former attorney in 2014 as the result of a judgment for unpaid attorneys' fees. *See* Appx24.

Ms. Huster did not contest any of these factual predicates before the District Court. *See* Appx26 ("Ms. Huster does not challenge any of the facts regarding the assignment of her interest in the patents nor does she present any evidence of her own in this regard. Moreover, the Court has reviewed exhibits attached to Defendants' Motion to Dismiss, which confirm the assignment.").

## 2.    Ms. Huster's Attempt to Avoid Her Assignment is Procedurally Improper and Also Fails on the Merits.

Despite not challenging any of the facts or findings below regarding the assignment before the District Court, Ms. Huster now improperly attempts to avoid the assignment with arguments asserted for the first time on appeal. Specifically, while admitting that she "assigned her interests in the patents-in-suit (see [Appx781-785])" to P.A. Technologies, she argues that "she is a majority holder of the ownership shares in this company and directs much of the decision making

15

thereto. See [Appx960-961] at pp. 288-290." Appellant's Opening Brief at 31. She then argues that the District Court abused its discretion in denying her leave to amend the complaint to add P.A. Technologies as a party plaintiff. *Id*. at 31-32.

Since this argument was not raised before the District Court, it cannot be raised for the first time on appeal. *See, e.g., Sage Prods.* v. *Devon Indus.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court. In short, this court does not 'review' that which was not presented to the district court.").

Even if this Court could consider the argument at all, it clearly fails on the merits for numerous reasons. <u>First</u>, Ms. Huster's citation to her deposition testimony does not support the argument that she is the majority shareholder of P.A. Technologies or that she directs "much of" the decision-making for that entity. *See* Appx960-961 at pp. 288-290. The cited testimony makes no mention of decision making authority at all; nor does it state that Ms. Huster is a majority stockholder of P.A. Technologies.

<u>Second</u>, Ms. Huster's cited deposition testimony is contradicted by uncontroverted evidence of record, to wit, that all of Appellant's interest in P.A. Technologies was transferred to her former attorney in 2014 pursuant to a state

court order resulting from a judgment for unpaid attorneys' fees.  Appx787-788.

Notably, this transfer was raised and made of record by the Defendants, noted by

the District Court's Dismissal Order (Appx24), and not contested by Ms. Huster

before the District Court.  *See* Appx26.  Neither is it addressed or even mentioned

in her Opening Brief to this Court.

Third, although the complaint was amended several times, Ms. Huster never

attempted to add P.A. Technologies as a party, and never filed a motion for leave

to amend or otherwise requested that the District Court permit her to do so.  Ms.

Huster nevertheless argues that the District Court abused its discretion in not

permitting her to amend her complaint to add the corporate entity.  Ms. Huster is

incorrect as a matter of law.  *See Wagner,* 314 F.3d at 542 ("A district court is not

required to grant a plaintiff leave to amend h[er] complaint sua sponte when the

plaintiff, who is represented by counsel, never filed a motion to amend nor

requested leave to amend before the district court.").

Fourth, even if Ms. Huster had requested leave to amend to add the

corporate entity, which she did not, the amendment would have been futile in view

of the undisputed transfer from PA Technologies LLC to her former attorney.  *See*

*Foman* v. *Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); *Hall* v. *United Ins. Co. of*

*Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (leave to amend should be denied for

futility "when the complaint as amended is still subject to dismissal"); *Mizzaro* v. *Home Depot, Inc.*, 544 F.3d at 1255; *Cockrell* v. *Sparks*, 510 F.3d at 1310.

In sum, the District Court correctly held that Ms. Huster lacked an economic interest in the Patents-in-Suit and therefore lacks standing to pursue her alleged § 256 claim.

### 3.    Ms. Huster Failed to Plead or Otherwise Present Any Evidence of a Concrete and Particularized Reputational Injury As a Result of Not Being Named an Inventor.

#### a.    Ms. Huster failed to plead any allegation of a reputational injury.

At the time the standing issue was briefed before the District Court, it was an open question as to whether a reputational injury in being named an inventor on a patent, standing alone, could give rise to Article III standing for a claim for correction of inventorship under 35 U.S.C. § 256.  Both parties briefed the issue in this context.

In its Order of Dismissal, however, the District Court acknowledged that reputational injury had been recognized as a possible ground for standing under *Chou* v. *Univ. of Chicago,* 254 F.3d 1347, 1358 (Fed. Cir. 2001).  Therefore, the District Court proceeded to address whether Ms. Huster had pleaded a reputational injury.  The District Court properly concluded that even if a reputational interest was sufficient to establish standing, dismissal was nevertheless called for under

*Larson* because Appellant failed to plead *any* facts alleging a reputational injury. A27.

In *Shukh* v. *Seagate Technology, LLC*, 803 F.3d 659, 663 (Fed. Cir. 2015), this Court addressed the issue left open in *Chou*, and held that "concrete and particularized reputational injury can give rise to Article III standing." In a nonprecedential decision, *Kamdem-Ouaffo* v. *PepsiCo Inc.*, 2016 U.S. App. LEXIS 14370, *11 (Fed. Cir. 2016), this Court construed *Shukh* as holding that "reputational injury alone is not sufficient [to establish standing]; rather, it must be tied to economic consequences, such as loss of employment prospects."

As recognized by the Supreme Court, "[i]n many cases the standing question can be answered chiefly *by comparing the allegations of the particular complaint to those made in prior standing cases.*" *Allen* v. *Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3325 (1984) (emphasis added). Contrasting the "concrete and particularized" facts alleged in *Shukh* with the lack of any comparable facts in this case, as per the Supreme Court's direction in *Allen*, illustrates that Appellant failed to plead a reputational injury at all, much less the "concrete and particularized reputational injury" necessary to establish standing.

In *Shukh*, this Court pointed to multiple items in the record that created genuine issues of fact as to whether an omitted inventor's reputation had been

harmed to an extent sufficient to give him standing to assert a claim for correction of inventorship under section 256.  In that case, the record included (1) an expert report articulating several specific reasons why a scientist's professional reputation would be harmed by not being named as an inventor on the patent; (2) negative performance evaluations stemming from the omitted inventor's accusations that others had stolen his work and that he was not given proper credit for his work; and (3) evidence that the omitted inventor had been denied employment because he was not named as an inventor on the patents.  *See Shukh*, 803 F.3d at 664-667.

Here, in stark contrast, as noted by the District Court, Ms. Huster "failed to plead *any* facts in her Corrected Amended Complaint [Appx625-646] relating to a reputational interest."  *See* Appx27 (emphasis added).  Likewise, in her Opposition to the Joint Motion to Dismiss the section 256 claim, she simply quoted *Chou* to the effect that a reputational injury might be sufficient to establish standing. Appx837-838.  She did not, however, point out or make any concrete or particularized allegations of harm to her reputation, such as loss of employment prospects, as a result of being omitted from the patents.  *Id*.  Indeed, by adhering to her argument that she was not even aware of her omission from the Patents from 1994 until sometime in 2010, she certainly could have relied on the Patents to buttress her reputation in the interim.

20

### b.   Nothing in the record constitutes an allegation of reputational injury.

Ms. Huster's Opening Brief likewise does not include a single citation to the Corrected Amended Complaint in support of her argument regarding reputational injury. Instead, she attempts to side-step the fact that she never pleaded *any* facts relating to a reputational interest by pointing to two isolated pages (Appx1705, Appx1724) of an Exhibit submitted by *Defendants* in opposition to her Motion to Disqualify Defendants' counsel (the denial of which she did not appeal). *See* Appellant's Opening Brief at 8 ("Ms. Huster does not appeal the District Court's denial of her motion to disqualify [Defendants' counsel].").

To the extent that the excerpts from this Exhibit are even legible, however, they merely show that she had a discussion in 1994 about possibly talking with a patent attorney (Appx1705), and that she was a speaker at a conference in 1999 (Appx1724). Neither of these pages supports any inference of reputational injury, and are certainly insufficient to meet the showing of "concrete and particularized reputational injury" required by *Shukh* to support Article III standing.

Thus, as the District Court correctly held, this case is controlled by *Larson*, in which this Court affirmed dismissal of a claim for correction of inventorship due to lack of standing. After affirming the district court's holding that Larson lacked

21

a financial interest in the patent, the Court addressed the issue of whether he could

nevertheless establish standing based on an alleged reputational injury as follows:

> Appellees correctly point out that, in the three counts for
> declaratory relief, Larson asserts his right "to claim sole inventorship
> of the tower invention." That statement, however, is then directly
> linked to the financial benefits associated with sole inventorship,
> which Larson defines as "including the right to license or assign his
> interest, and the right to manufacture, use, and sell the subject matter
> of the patents to his inventions." Larson confirms this by alleging that
> there is a justiciable controversy because, until his rights are restored,
> he "cannot properly proceed to license or assign his right, title, and
> interest in and to the inventions and patents, or to manufacture, use,
> and sell the inventions under the patents." Furthermore, in his
> supplemental brief, Larson emphasized that the injuries he claimed
> were financial, not reputational.

> Thus, we need not answer the question we left open in *Chou*—
> whether a purely reputational interest is sufficient to confer standing
> for a § 256 claim—because the issue is simply not presented by these
> facts. Larson claims no reputational injury, and so that cannot be a
> basis on which to find standing.

*Larson*, 569 F.3d at1327-28.

In the nonprecedential *Kamdem-Ouaffo* decision, this Court affirmed the

dismissal of a correction of inventorship claim for lack of standing because the

allegations of reputational injury failed to meet the "concrete and particularized"

threshold required under *Shukh*.  2016 U.S. App. LEXIS 14370 at *11-12.  Unlike

*Larson* and the present case, the complaint in *Kamdem-Ouaffo* actually included an

allegation alluding to reputational injury:  "Plaintiff sustains and/or *might sustain*

22

damages in terms of the loss of the ownership, inventorship, recognition, and the honor for his … Intellectual Property." 2016 U.S. App. LEXIS 14370 at *12 (emphasis added by the Court). Nevertheless, the Court held that this allegation was not "concrete and particularized" but rather "conjectural or hypothetical," and affirmed the dismissal because the plaintiff "did not clearly allege facts demonstrating actual harm to his reputation and that his alleged reputational harm had an economic component such as loss of employment." *Id*.

Similarly, in *Pedersen* v. *Geschwind*, 141 F. Supp. 3d 405 (D. Md. 2015), the district court determined that the plaintiff had not met the requirement for pleading a "concrete and particularized reputational injury" necessary to establish standing under *Shukh*:

> Far from the "concrete and particularized reputational injury" that *Shukh* recognized as a possible conduit to Article III standing, … Plaintiff's allegations are an exercise in guesswork: he fails to invoke the Court's subject matter jurisdiction for the simple reason that he has pleaded no injury the likes of which the Court can redress. As Gertrude Stein might have put it, "there is no *there* there.").

*Id*. at 418 (emphasis in original).

Here, Ms. Huster's allegation of injury in the Corrected Amended Complaint is based solely on the alleged licensing revenues she failed to receive by not being named an inventor on the patents. *See* Appx633-634 at ¶¶ 26-28. But there is no allegation in the Corrected Amended Complaint (Appx625-646), or anywhere else

23

in the record before the District Court, that could give rise to a plausible inference that she suffered a reputational injury, much less a reputational injury having economic consequences.  She likewise never made a request to for leave to amend her complaint to add any such allegations.  Accordingly, her complaint was properly dismissed because she failed to meet her burden to establish standing.

## VII.  CONCLUSION

The District Court properly determined that Ms. Huster had signed away any interest she may have had in the Patents-in-Suit, and therefore lacked any financial interest therein necessary to establish standing to assert a claim for correction of inventorship under 35 U.S.C. § 256.  The District Court also properly held that Ms. Huster failed to plead *any* facts in her Corrected Amended Complaint that she had suffered a reputational injury as the result of being omitted as an inventor of the Patents-in-Suit, much less facts alleging a reputational injury arising to the level necessary to establish standing.  Accordingly, the District Court's Judgment in favor of the Non-Inventor Defendants should be affirmed.

Respectfully submitted,

September 15, 2016

/s/ Robert A. Sacks

ROBERT A. SACKS
BRIAN R. ENGLAND
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 712-6600
sacksr@sullcrom.com
englandb@sullcrom.com
*Counsel for Appellees j2 Could Services and*
*Advanced Messaging Technologies*

DAN R. GRESHAM
THOMAS|HORSTEMEYER LLP
400 Interstate North Parkway, Suite 1500
Atlanta, GA 30339
(770) 933-9500
dan.gresham@thomashorstemeyer.com
*Counsel for Appellees j2 Could Services and
Advanced Messaging Technologies*

MARC J. SCHNEIDER
SARAH S. BROOKS
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
(949) 725-4000
mschneider@sycr.com
sbrooks@sycr.com
*Counsel for Appellee
Acacia Patent Acquisition, LLC*

EDWARD R. NELSON, III
THOMAS CECIL
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
(817) 337-9111
ed@nelbum.com
tom@nelbum.com
*Counsel for Appellee
Unified Messaging Solutions, LLC*

TIMOTHY E. GROCHOCINSKI
NELSON BUMGARDNER, P.C.
15020 South Ravinia Avenue, Suite 29
Orlando Park, IL 60462
(708) 675-1974
tim@nelbum.com
*Counsel for Appellee
Unified Messaging Solutions, LLC*

26

# United States Court of Appeals
# for the Federal Circuit

*Huster v. j2 Cloud Services, Inc.*, 2016-1639

## CERTIFICATE OF SERVICE

I, Robyn Cocho, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by THOMAS|HORSTEMEYER LLC, counsel for Appellee to print this document.  I am an employee of Counsel Press.

On **September 15, 2016** counsel has authorized me to electronically file the foregoing **JOINT BRIEF OF NON-INVENTOR APPELLEES** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including any of the following:

| | |
|---|---|
| Philip P. Mann (principal counsel) | Peter Schoenthaler (principal counsel) |
| Timothy J. Billick, I | Bryan Lee Baysinger |
| Mann Law Group | Schoenthaler Law Group |
| 1218 3rd Avenue, Suite 1809 | Litigation |
| Seattle, WA 98101 | 400 Interstate N. Parkway, SE |
| 206-436-0900 | Suite 1500 |
| phil@mannlawgroup.com | Atlanta, GA 30339 |
| tim@mannlawgroup.com | (404) 592-5397 |
| *Counsel for Appellant* | pfs@pfslawgroup.com |
| *Phyllis A. Huster* | blb@pfslawgroup.com |
| | *Counsel for Appellee* |
| | *Charles R. Robo, II* |

Paper copies will also be mailed to the above principal counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court within the time provided in the Court's rules.

September 15, 2016

/s/ Robyn Cocho
Counsel Press

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).

  X    The brief contains 5,128 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii),or

_____  The brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

  X    The brief has been prepared in a proportionally spaced typeface using MS Word 2013 in a 14 point Times New Roman font or

_____  The brief has been prepared in a monospaced typeface using MS Word 2002 in a ___ characters per inch_____ font.


September 15, 2016                    /s/ Robert A. Sacks_____
                                     ROBERT A. SACKS
                                     SULLIVAN & CROMWELL LLP
                                     *Counsel for Appellees j2 Could Services and Advanced Messaging Technologies*